**Youssef Salman SALEH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–70274.

United States Court of Appeals, Ninth Circuit.

Submitted July 19, 2010.*

Filed Aug. 2, 2010.

David B. Gardner, Law Offices of David B. Gardner, Los Angeles, CA, for Petitioner.

OIL, Paul F. Stone, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

MEMORANDUM **

Youssef Salman Saleh, a native and citizen of Lebanon, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Najmabadi v. Holder*, 597

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

F.3d 983, 986 (9th Cir.2010), we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Saleh's motion to reopen because he failed to demonstrate changed circumstances in Lebanon to satisfy the requirements of 8 C.F.R. § 1003.2(c)(3)(ii). *See id.* at 990; *see also Malty v. Ashcroft,* 381 F.3d 942, 945 (9th Cir.2004) ("The critical question is ... whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution."). Saleh's contention that the BIA violated due process by denying his motion to reopen without evaluating all the evidence is unavailing. *See Najmabadi,* 597 F.3d at 990–91.

We lack jurisdiction to consider whether the BIA should have invoked its sua sponte authority to reopen proceedings. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

Saleh's remaining contention is unavailing. *See Dada v. Mukasey,* 554 U.S. 1, 128 S.Ct. 2307, 2319, 171 L.Ed.2d 178 (2008) (an alien may withdraw his application for voluntary departure only if his voluntary departure period has not yet expired).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and except as provided by 9th Cir. R. 36–3.